[55]                    CUMMINGS v. BONHAM.

Such parts of a mere paper account as are proved ought alone to go to the jury.

*Certiorari* to Justice Reading.

The action below was for £12 rent, which Bonham admitted was due to Cummings; but against this he exhibited a paper account of £15 5s., two articles only of which were proved, amounting to £3 5s., yet the justice permitted the whole account to go to the jury.

PER CUR. Reverse the judgment. The items of a mere paper demand must be proved by evidence, or a regular book account.

JOHNSON v. COLBAUGH.

Where plaintiff claims a sum within the jurisdiction of the justice, it is immaterial what the amount of his charges may be.

*Certiorari* to Justice Reading.

By the return of the justice, it appeared that Colbaugh produced an account of £22 5s. for board, &c., against the defendant, in 1789, owning, at the same time, he knew defendant had a demand against him which would reduce his to about £12. Johnson denied any dealing at all, produced no account, and put Colbaugh to prove his, which he did. Verdict, £12.

PER CUR. Affirm the judgment. The defendant cannot destroy the plaintiff's right to sue before a justice by withholding his offset—plaintiff may allow it for him. The act of assembly bars defendant to sue afterwards.